IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,

v.                                          Criminal No. 3:11CR254

ANTONIO E. SMITH,

     Petitioner.

## MEMORANDUM OPINION

Antonio E. Smith, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 48) arguing that his convictions and sentences are invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). The Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 51.) As discussed below, while the Government correctly asserts that the § 2255 Motion is untimely, the Court also finds that Smith's Johnson claim lacks merit.

## I.  FACTUAL AND PROCEDURAL HISTORY

A grand jury returned a seven-count Indictment charging Smith with four counts of interference with commerce by threats and violence, in violation of 18 U.S.C. §§ 1951(a) ("Hobbs Act robbery") (Counts One through Four); and three counts of possession of a firearm in furtherance of a crime of violence as alleged in Counts One, Two and Three, in violation of 18 U.S.C. § 924(c)(Counts Five through Seven). (Indictment 1-4, ECF No. 1.)

On December 9, 2011, Smith pled guilty to Counts One, Two, Three, Four, Five, and Seven of the Indictment. (Plea Agreement ¶ 1, ECF No. 20.) On February 28, 2012, the Court sentenced Smith to eighty-seven months on Counts One, Two, Three, and Four to run concurrently, eighty-four months on Count Five to run consecutively, and three-hundred months on Count Seven to run consecutively. (J. 3, ECF No. 34.)

On June 16, 2016, Smith filed his § 2255 Motion arguing that his convictions under 18 U.S.C. § 924(c) in Counts Five and Seven must be vacated in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Thereafter, the Government moved to dismiss, arguing that the § 2255 Motion is barred by the relevant statute of limitations.

## II. ANALYSIS

### A. Smith's § 2255 Motion Is Untimely

Under 28 U.S.C. § 2255(f)(1), Smith was required to file any 28 U.S.C. § 2255 motion within one year after his conviction became final. Accordingly, absent a belated commencement of the limitation period, Smith's § 2255 Motion is untimely. Smith contends that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the date of which the right asserted was initially recognized by the Supreme Court. "[T]o obtain the

2

benefit of the limitations period stated in § 2255(f)(3), [Smith]

must show: (1) that the Supreme Court recognized a new right; (2)

that the right 'has been . . . made retroactively applicable to

cases on collateral review'; and (3) that he filed his motion

within one year of the date on which the Supreme Court recognized

the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir.

2012) (second alteration in original).

The "right" asserted here is the right recognized in Johnson.

In Johnson, the Supreme Court held "that imposing an increased

sentence under the residual clause of the Armed Career Criminal

Act [("ACCA")] violates the Constitution's guarantee of due

process." 135 S. Ct. at 2563.[1]  The Johnson Court concluded that

the way the residual clause of the ACCA, 18 U.S.C.

§ 924(e)(2)(B)(ii), defined "violent felony" was

unconstitutionally vague because the clause encompassed "conduct

---

[1] The ACCA provides that

> [i]n the case of a person who violates section
> 922(g) of this title and has three previous
> convictions by any court referred to in section
> 922(g)(1) of this title for a violent felony or a
> serious drug offense, or both, committed on
> occasions different from one another, such person
> shall be fined under this title and imprisoned not
> less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent
felony had been "defined to include any felony that 'involves
conduct that presents a serious potential risk of physical injury
to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C.
§ 924(e)(2)(B)).

that presents a serious potential risk of physical injury to another." Id. at 2557-58 (citation omitted). Subsequently, in Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 1268.

Smith asserts that his conviction is unlawful in light of Johnson, and in doing so, he argues that Johnson restarted the one-year limitation period pursuant to § 2255(f)(3).[2] For a petitioner to satisfy section 2255(f)(3), the Supreme Court itself must be the judicial body to establish the right in question. See Dodd v. United States, 545 U.S. 353, 357 (2005). "[I]f the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017) (citations omitted).

Smith was convicted of using and carrying a firearm during the commission of a crime of violence, to wit, Hobbs Act robbery,

---

[2] Numerous judges in the Eastern and Western Districts of Virginia have rejected this argument and dismissed as untimely Johnson-related challenges resulting from § 924(c) convictions. See Gray v. United States, Nos. 1:08-cr-00273-GBL-2, 1:16-cv-00606-GBL, 2017 WL 6759614, at *3 (E.D. Va. Sept. 12, 2017) (citing four other Eastern District of Virginia judges who have dismissed these challenges as untimely and also holding the same); United States v. Shifflett, No. 5:14-cr-00007, 2017 WL 2695272, at *2-3 (W.D. Va. June 21, 2017).

in violation of 18 U.S.C. § 924(c). Smith's argument—that the residual clause of § 924(c) is unconstitutionally vague—simply was not a right announced in Johnson. Rather, the Supreme Court's holding in Johnson only addressed the residual clause of ACCA. As the Fourth Circuit has observed, although "the Supreme Court held unconstitutionally vague the [residual clause in ACCA], . . . the [Supreme] Court had no occasion to review . . . the residual clause [of § 924(c)]." United States v. Fuertes, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Thus, Smith's contention that § 924(c)'s residual clause is unconstitutionally vague was not a right announced by the Supreme Court in Johnson. See United States v. Cook, No. 1:11-CR-188, 2019 WL 921448, at *3 (E.D. Va. Feb. 25, 2019) ("[T]he question of [Sessions v. Dimaya, 138 S. Ct. 1204 (2018)] and Johnson's effect on Section 924(c)(3)(B) is not yet settled.")[3] Thus, the Government correctly asserts that Smith's § 2255 Motion is untimely and barred from review here. Accordingly, the Government's Motion to Dismiss (ECF No. 62) will be granted.

B.   **Smith's Claim Lacks Merit.**

Smith's Johnson claim also lacks merit. See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (noting that a district court may summarily dismiss a § 2255 motion where "files, and

---

[3] In Dimaya the Supreme Court held that a similarly worded residual clause in 18 U.S.C. § 16(b) was also unconstitutionally vague. 138 S. Ct. at 1216.

records 'show conclusively that the movant is not entitled to relief'" (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992))). Smith contends that after Johnson, the offense of Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Two must be vacated. Although Smith was not sentenced pursuant to ACCA, he asserts that the residual clause of § 924(c) is materially indistinguishable from the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in Johnson struck down as unconstitutionally vague.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).

The United States can demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or
> threatened use of physical force against the person or

6

property of another [(the "Force Clause")], or

**(B)** that by its nature, involves a substantial risk that
physical force against the person or property of another
may be used in the course of committing the offense
[(the "Residual Clause")].

Id. § 924(c)(3). As explained below, Hobbs Act robbery qualifies
as a crime of violence under the Force Clause.[4]

A defendant is guilty of Hobbs Act robbery and/or aiding and
abetting that offense if he or she "obstructs, delays, or affects
commerce or the movement of any article or commodity in commerce,
by robbery . . . or attempts or conspires so to do . . . ." 18
U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property
> from the person or in the presence of another, against
> his [or her] will, by means of actual or threatened
> force, or violence, or fear of injury, immediate or
> future, to his [or her] person or property, or property
> in his [or her] custody or possession, or the person or
> property of a relative or member of his [or her] family
> or of anyone in his [or her] company at the time of the
> taking or obtaining.

Id. § 1951(b)(1). The United States Court of Appeals for the
Fourth Circuit has not reached the issue of whether Hobbs Act
robbery and/or aiding and abetting that offense satisfies the Force
Clause. Nevertheless, this Court has concluded that "[g]iven the
veritable 'chorus' of decisions that have found Hobbs Act Robbery
to be a crime of violence under the Force Clause . . . that is

---

[4] The United States Court of Appeals for the Fourth Circuit
recently concluded that the Residual Clause of § 924(c) is
unconstitutionally vague. United States v. Simms, 914 F.3d 229,
233 (4th Cir. 2019) (en banc).

7

fatal to [Smith's] position." United States v. Jennings, No. 3:18-cr-34, 2018 WL 3341187, at *8 (E.D. Va. July 6, 2018).

Accordingly, consistent with this Court's earlier decisions, see id; see also United States v. Standberry, 139 F. Supp. 3d 734, 737-40 (E.D. Va. 2015), and decisions of many courts of appeal,[5] the Court finds that Hobbs Act robbery constitutes a categorical crime of violence and can therefore serve as the basis for the § 924(c) charge in Count Two.

Lastly, the Court notes that the Fourth Circuit's recent decision in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Smith's § 924(c) conviction is predicated on a valid crime of violence under the force clause of § 924(c)(3)(A). In Simms, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). Id. at 232-33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the

---

[5] See, e.g., United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Rivera, 847 F.3d 847, 848-49 (7th Cir. 2017); United States v. Buck, 847 F.3d 267, 275 (5th Cir. 2017); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016); United States v. Moreno, 665 F. App'x 678, 681 (10th Cir. 2016); United States v. House, 825 F.3d 381, 387 (8th Cir. 2016); United States v. Howard, 650 F. App'x 466, 468 (9th Cir. 2016).

[Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

Id. at 233-34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. Id. at 236.

As explained above, unlike conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, is a valid crime of violence under the Force Clause because it invariably requires the actual, attempted, or threatened use of physical force. United States v. St. Hubert, 909 F.3d 335, 351 (11th Cir. 2018). Accordingly, Smith's claim pursuant to Johnson lacks merit and will be dismissed.

### III. CONCLUSION

The Government's Motion to Dismiss (ECF No. 57) will be granted. The § 2255 Motion (ECF No. 62) will be denied. Smith's claim and the action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Smith and counsel of record.

/s/ _____

Robert E. Payne
Senior United States District Judge

Date: July 1, 2019
Richmond, Virginia

9