IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,

v.  Criminal No. 3:11CR254

ANTONIO E. SMITH,

    Petitioner.

## MEMORANDUM OPINION

Antonio E. Smith, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 48) arguing that his convictions and sentences are invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). By Memorandum Opinion and Order entered on July 2, 2019, the Court denied Smith's § 2255 Motion. (ECF Nos. 52, 53.) On July 25, 2019, Smith filed a MOTION TO SET ASIDE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) OR, IN THE ALTERNATIVE, 60(b)" ("Rule 59(e) Motion," ECF No. 54).[1]

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an

---

[1] This is the date that Smith certifies that he mailed his Rule 59(e) Motion to the Court and it is deemed filed as of that date. Houston v. Lack, 487 U.S. 266, 276 (1988).

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Smith appears to argue that the Court should alter or amend the judgment in order to correct a clear error of law or prevent manifest injustice. Smith first argues that the Court erred by not appointing him counsel. (Rule 59(e) Mot. 2-3.) As the Court explained to Smith previously, there is no constitutional right to have appointed counsel in post-conviction proceedings. Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997). Moreover, the issues in Smith's § 2255 Motion were not complex and the interests of justice did not require the appointment of counsel because ultimately Smith's claim lacked merit. Smith fails to demonstrate that he is entitled to 59(e) relief on this ground.

Smith next argues that the Court erred in determining that his § 2255 Motion was untimely and that the Court's determination that his claim lacks merit was incorrect and further proceedings are required. Smith fails to identify any clear error of law in the Court's dismissal of his claim and fails to demonstrate that the Court must vacate its prior decision to prevent manifest injustice. Since the date that the Court dismissed Smith's claim,

2

the United States Court of Appeals for the Fourth Circuit has agreed with the Court's conclusion in this case that Hobbs Act robbery remains a valid predicate crime of violence for a conviction under 28 U.S.C. § 924(c). See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Because the Court discussed the merits of Smith's underlying claim, and because his claim lacks merit, whether Smith's § 2255 Motion is timely is not dispositive.

Finally, Smith argues that the Court erred by not granting an evidentiary hearing or a certificate of appealability. However, Smith's claim clearly lacks merit. Thus, an evidentiary hearing was not needed and a certificate of appealability should not issue. Smith fails to establish that he is entitled to relief on any ground of Rule 59(e). Accordingly, Smith's Rule 59(e) Motion (ECF No. 54) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Smith and counsel of record.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: October 11, 2019
Richmond, Virginia

3